# IN THE UNITED STATES DISTRICT COURT
# FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| AMNINDER SINGH,<br>Petitioner,<br>v.<br>MARK BOWEN, et al.,<br>Respondents. | Case No. 5:26-cv-04529-MBK<br><br>ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS |

Petitioner Amninder Singh, a native and citizen of India, is currently in the custody of the Department of Homeland Security ("DHS") at the Adelanto Detention Facility. In this habeas action, Petitioner argues that his re-detention by immigration authorities and on-going confinement violate due process, the Immigration and Nationality Act, and the Administrative Procedures Act. Petitioner initiated this action on August 11, 2026. Dkt. 1.

On August 12, 2026, the Court issued Notice of General Order 26-05 and Briefing Schedule. Dkt. 4. That Order required Respondents to "file an answer to the habeas petition no later than 7 days from the date the Clerk's

Office issues this notice." *Id.* at 2. Therefore, the deadline to file an answer to the Petition was August 19, 2026. Dkt. 4.

When the Court did not receive Respondent's Answer by that date, the Court issued an order to show cause ("OSC") why the Petition should not be granted as unopposed. Dkt. 6. The Court gave Respondents an additional opportunity to file an Answer in this action by 2:00 p.m. on August 21, 2026. *Id.* As of the date and time of this Order, the Court is not in receipt of Respondents' Answer. In light of Respondents' non-opposition, the Court grants the Petition and orders Petitioner's immediate release.

## I. FACTUAL ALLEGATIONS

Petitioner Amninder Singh is a native and citizen of India. Dkt. 1 at 5. Petitioner entered the United States without inspection on or around September 18, 2023. *Id.* Soon thereafter, immigration authorities detained Petitioner, pursuant to an administrative arrest warrant, and released Petitioner on his own recognizance. *Id.* After his release, Petition and his family applied for asylum and he later obtained work authorization. *Id.*

Since his release, Petitioner has maintained valid and continuous employment, developed family and community ties in the United States, complied with all reporting and Immigration Court requirements, and has no criminal history. *Id.* at 6.

On August 10, 2026, Petitioner was working as a DoorDash Delivery Driver, when Immigration and Customs Enforcement ("ICE") officers initiated a traffic stop of Petitioner, though he had not committed any traffic violation. *Id.* When asked, Petitioner produced his driver's license and valid work permit. *Id.* ICE officers arrested him took him into custody. *Id.* At no point prior to or after the detention did ICE provide Petitioner notice that he would

be detained or an opportunity to contest his detention. *Id.* Petitioner was transported to Adelanto Detention Facility, where he remains detained. During his time in custody, Petitioner has not been afforded a bond hearing or any other meaningful opportunity to argue that he should not be detained. *Id.*

Petitioner filed the instant habeas petition on August 11, 2026. Dkt. 1. Petitioner alleges that his re-detention violates procedural and substantive due process. *Id.* at 17-23. Petitioner requests that the Court order his immediate release. *Id.* at 23. On August 12, 2026, the Court issued Notice of General Order 26-05 and Briefing Schedule. Dkt. 4. That Order required Respondents to "file an answer to the habeas petition no later than 7 days from the date the Clerk's Office issues this notice." *Id.* at 2. Therefore, the deadline to file an answer to the Petition was August 19, 2026. Dkt. 4.

When the Court did not receive Respondent's Answer by that date, the Court issued an order to show cause ("OSC") why the Petition should not be granted as unopposed. Dkt. 6. The Court gave Respondents an additional opportunity to file an Answer in this action by 2:00 p.m. on August 21, 2026. *Id.* As of the date and time of this order, the Court is not in receipt of any filing from Respondents.

## II. DISCUSSION

Petitioner Amninder Singh argues, *inter alia*, that he is entitled to immediate release from custody because his re-detention without notice or a hearing violates due process. Respondents do not oppose Petitioner's claim. This Court has previously found that noncitizens in circumstances comparable to Petitioner were entitled to release because their re-detention without a hearing or a material change in circumstances violated due process. *See, e.g., Sun v. Warden of Adelanto ICE Processing Center, et al.*, No. 5:26-CV-

03595-MBK, 2026 WL 2058437, at *1 (C.D. Cal. July 14, 2026); *Yataco v. Warden, Adelanto Det. Facility*, No. 5:25-cv-03229-JAK-MBK, 2025 WL 4065463, at *4 (C.D. Cal. Dec. 26, 2025), *adopted*, 2026 WL 158151 (C.D. Cal. Jan. 16, 2026). Based on Respondents' non-opposition and for the reasons stated in those decisions, the Court finds that Petitioner is entitled to release based on his due process claims.

## III. CONCLUSION

For the foregoing reasons, the Court ORDERS that: (1) Judgment be entered GRANTING the Petition; (2) a writ of habeas corpus be issued requiring Petitioner Amninder Singh's (A# 241-052-983) immediate release subject to his prior conditions of supervision and enjoining Respondents from re-detaining him without first providing notice and a hearing where the Government must show material changed circumstances justifying Petitioner's detention; and (3) Respondents shall file a status report no later than three (3) days from the date of this Order confirming that Petitioner has been released from Respondents' custody consistent with this order.

Dated: August 21, 2026

HON. MICHAEL B. KAUFMAN
UNITED STATES MAGISTRATE JUDGE